UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. CEMBRALE, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| -against- | Index No.: |
| CAJUN RESTAURANT BAYSHORE LLC, d/b/a HOOK & REEL CAJUN SEAFOOD AND BAR, and SKY CHEN-HOA, an individual, | |
| Defendants. | |

Plaintiff Donald J. Cembrale ("Plaintiff"), by and through his attorneys, The Law Office of David H. Rosenberg, P.C., complaining of Defendants Cajun Restaurant Bayshore LLC, d/b/a Hook & Reel Cajun Seafood and Bar ("Hook & Reel"), and Sky Chen-Hoa, an individual, ("Chen-Hoa" and all together as "Defendants") herein, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1.  This is a race, color, and sex discrimination, as well as retaliation case, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); and the New York State Human Rights Law, Executive Law § 296, *et seq.* ("NYSHRL").

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4).

3.  Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this cause of action, including the unlawful employment practices alleged herein, occurred in this district.

4.  All conditions precedent to maintaining this action have been met. A charge of discrimination was filed with the Equal Employment Opportunity Commission, a Notice

of Right to Sue was emailed to Plaintiff on April 13, 2022, and this action has been filed within ninety (90) days of receipt.

## PARTIES

5. At all relevant times, Hook & Reel was a restaurant corporation duly incorporated, validly existing, and in good standing, under the laws of New York, with a principal business location of 1701 Sunrise Highway, Brooklyn New York 11201, and a restaurant location at 1701 Sunrise Highway, Bay Shore New York, 11706 ("Premises").

6. At all relevant times, Hook & Reel had 15 or more employees.

7. At all relevant times, Chen-Hoa, an Asian male, is the owner of Hook & Reel.

8. At all relevant times, Plaintiff, a white Caucasian male resident of Nassau County, New York, was a Hook & Reel employee.

9. At all relevant times, Plaintiff reported to work at the Premises.

## BACKGROUND

10. On or around May 12, 2021, Plaintiff commenced employment with Hook & Reel as a bartender at the Premises.

11. Due to sheer hard work and dedication to the job, Plaintiff excelled above and beyond the call of duty. To this point, Plaintiff was well-liked by customers and promoted to operations manager on or around August 19, 2021.

12. Notwithstanding these positive contributions, Plaintiff was discriminated against on account of his status as a white Caucasian male ("protected classes").

## FACTS

13. October 21, 2021, Plaintiff began to suffer discrimination on account of the protected classes in a work group chat with Sky ("Sky" last name unknown, Asian male head cook),

Alex Swartz ("Swartz", white male regional director of operations), Christopher Merideth ("Merideth", African American black male vice president), Stephanie Frias ("Frias", African American black female human resource director), Anthony Pagon ("Pagon", Hispanic male human resources), Carlo Giordano ("Giordano", white male service manager), and Chen-Hoa. In this group chat, Plaintiff asked, "Has Bay Shore changed opening hours, because the kitchen has been showing up after 11:30 the last 4 days, and due to their lateness, we had to turn away guest." Sky replied to Plaintiff with, "Fuck you." Notwithstanding owner Chen-Hoa and HR Director Frias' direct observations of this, no corrective action was given, and no disciplinary action was taken. To the contrary, Plaintiff was forced to continue working in the aforementioned hostile work environment. Other employees who did not belong to Plaintiff's protected classes were not treated this way.

14. Plaintiff asked Swartz generally, "How is Sky able to speak to me like that, it is not appropriate, and I am only trying to help." Swartz replied generally, "Just ignore him." Notwithstanding the fact that this complaint was made to the regional director of operations, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. To the contrary, Plaintiff was forced to continue working in the aforementioned hostile work environment. This caused Plaintiff to feel embarrassed, uncomfortable, ashamed, hurt, and emotionally distressed. Other employees who did not belong to Plaintiff's protected classes were not treated this way.

15. After the complaint to Swartz, Sky sent his wife YuYu ("YuYu" last name unknown, Asian female, kitchen expo) to stack large empty used cardboard boxes in Plaintiff's office at the Premises as depicted in the picture below. Other employees who did not belong to Plaintiff's protected classes were not treated this way.



16. YuYu then threw her cell phone towards Plaintiff's head, causing Plaintiff to fear for his immediate physical safety, and said, "Go fuck yourself." Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

17. That day, Plaintiff complained to Swartz and Pagon generally, "YuYu threw empty boxes in my office, threw a phone at my head, she hates white men, and I don't feel safe in this hostile work environment." Swartz responded, "Just stay away from her." Pagon added, "Yes just keep your distance." Plaintiff replied generally "How am I supposed to manage a restaurant though with a hostile employee?" Pagon responded generally, "Just figure it out." Notwithstanding this complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforementioned hostile work environment. Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

18. On or around November 3, 2021, Plaintiff reported to work at the Premises where he

remained the only white Caucasian male employee at the Premises. While his back was turned at the Premises, YuYu sucker-punched Plaintiff, repeatedly, on the back of the head, causing Plaintiff to sustain painful injuries. Plaintiff yelled at YuYu to stop. YuYu then scratched Plaintiff's neck with her fingernails and continued to punch Plaintiff's face, chest, neck, and head causing even more painful injuries to Plaintiff. Only after the physical assault of Plaintiff ended was YuYu physically restrained by other employees. This was done in the presence of Nicole Tertulien (Dominican brown male bartender), Mary Fowler (African American black female cashier), Briana Alleye (Puerto Rican black female server), Talia Drakeford (African American black female server) and Jaylan Webb Ferguson (African American black male cashier). Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

19. Plaintiff complained to Swartz generally, "I was just attacked by YuYu. She repeatedly hit me in the head and in my back with her fists and scratched the back of my neck with her nails. I don't feel safe working in this hostile work environment, and I fear that YuYu will attack me again." Swartz replied with words of the effect of, "Just stay away from her and avoid any communication with her." Notwithstanding this complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforementioned hostile work environment. Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

20. On or around November 4, 2021, Plaintiff called Merideth and said generally, "YuYu continued to punch me with her fists in the back and head and scratched the back of my

5

neck with her nails until the kitchen staff had to pull her off of me. I don't feel safe, and I fear she will do this again." Merideth replied generally, "The company will look into the situation." Notwithstanding this complaint, no disciplinary action was given, no corrective action was taken, and no investigation was conducted. On the contrary, Plaintiff was forced to continue working in the aforementioned hostile work environment. This caused Plaintiff to feel embarrassed, uncomfortable, ashamed, hurt, and emotionally distressed. Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

21. On or around November 10, 2021, Plaintiff called Chen-Hoa and told him generally, "I was violently attacked by YuYu and nothing has been done about it. She punched and scratched me in front of the entire kitchen staff. I reported it to Chris [Merideth] and Alex [Swartz] and I still have to work with her every day. I am nervous she will hurt me. She hates men." Chen-Hoa replied generally, "The best thing for the company is for you to go and for YuYu and Sky to stay. I don't know what else to tell you." Other employees who did not belong to Plaintiff's protected classes and those who did not oppose discriminatory practices were not treated this way.

22. On December 7, 2021, Frias told Plaintiff generally, "I am sorry, but your position has been eliminated."

23. Plaintiff was terminated on account of said protected classes and in retaliation.

24. As a result of the discriminatory/retaliatory termination, Plaintiff suffered and continues to suffer emotional and economic damages.

**FIRST CAUSE OF ACTION**
*(Discrimination and retaliation under Title VII against Hook and Reel)*

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

26. Plaintiff was discriminated against on account of sex, race, and color.

27. Plaintiff was retaliated for opposing discriminatory practices.

28. As more fully set forth above, Hook and Reel took adverse employment actions against Plaintiff, subjected him to a severe and pervasive hostile work environment and/or maintained an atmosphere of adverse actions, chiefly being Plaintiff's termination, in violation of Title VII.

## SECOND CAUSE OF ACTION
*(Discrimination and retaliation under NYSHRL against all Defendants)*

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Plaintiff was discriminated against on account of sex, race, and color.

31. Plaintiff was retaliated for opposing discriminatory practices.

32. As more fully set forth above, Defendants took adverse employment actions against Plaintiff by subjecting him to more than petty slights and trivial inconveniences; inferior terms of a hostile work environment; and an atmosphere of adverse actions, chiefly being Plaintiff's termination.

33. The individual Defendants participated in, as well as aided; abetted, incited, compelled and/or coerced the aforementioned unlawful conduct.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, liquidated, lost pay, front pay, back pay, injunctive relief, reinstatement, emotional, punitive, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

7

Dated: Melville, New York
May 27, 2022

THE LAW OFFICE OF DAVID H.
ROSENBERG, P.C.

DAVID H. ROSENBERG
The Law Office of David H.
Rosenberg, P.C.
*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 25
Melville, N.Y. 11747
Ph: (516) 741-0300
F: (516) 385-4848

8